MICHELE BECKWITH
Acting United States Attorney
NICOLE M. VANEK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ISIDRO ROBERTO ROJAS-GUZMAN, <br><br> Defendant. | CASE NO. 2:25-MJ-00048 <br><br> MOTION TO STAY RELEASE ORDER |

The United States of America, by and through Assistant United States Attorney Nicole M. Vanek, moves this court to stay the March 18, 2025 ruling by Judge Claire authorizing the pretrial release of defendant Isidro Roberto Rojas-Guzman. The United States requests a stay of the Magistrate Judge's release order until such time that the parties can be heard before this Court on the Government's motion for revocation of that order. This motion is based upon the attached Memorandum of Points and Authorities, incorporated herein by reference.

Dated: March 18, 2025                    MICHELE BECKWITH
                                         Acting United States Attorney

                                         By: /s/ NICOLE M. VANEK
                                             NICOLE M. VANEK
                                             Assistant United States Attorney

MICHELE BECKWITH
Acting United States Attorney
NICOLE M. VANEK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:25-MJ-00048 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO STAY ORDER RELEASING DEFENDANT |
| v. | |
| ISIDRO ROBERTO ROJAS-GUZMAN, | |
| Defendant. | |

The United States moves this Court to stay the Magistrate Judge's March 18, 2025 order releasing defendant Isidro Roberto Rojas-Guzman until March 20, 2025, at which time the United States further requests a hearing for both parties to be heard on the motion to revoke.

The defendant made his initial appearance on a Criminal Complaint on March 12, 2025. He is charged with being a deported alien found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). On March 18, 2025, the Honorable Allison Claire held a detention hearing and granted release. The United States requests a stay of the defendant's release order, pending an appeal and hearing before this Court.

### I.    STANDARD

Under the Bail Reform Act, if a person is ordered released by a magistrate judge, then "the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1); *United*

*States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991); *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir. 1995) ("Rule 40 and section 3145 . . . place[d] the review of the magistrate judge's order in the province of the district court where the prosecution is pending, and where the bail status of the defendant ultimately will be determined during the course of that trial.").

When the United States files a motion to revoke a magistrate judge's release order, the district court has inherent authority to stay the release order pending the district court's ruling on the motion to revoke. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Section 3142(f)(2)(B) expressly allows detention of the defendant "pending completion of the hearing." The pre-trial detention issue is "pending completion" so long as the motion to revoke is pending. *See United States v. Petersen*, 557 F. Supp. 2d 1124, 1129 (E.D. Cal. 2008), as amended (May 23, 2008) ("The U.S. Magistrate Judge was authorized to stay her OR release order upon application of the government's attorney pursuant to 18 U.S.C. § 3142(f)(2)(B), which provides that a defendant may be detained pending completion of the detention hearing. Subsection 3145(a) mandates a prompt review of the motion to revoke the Magistrate Judge's release order, thereby providing a reasonable safeguard against unduly extended detention during review."). A stay order simply keeps the defendant in detention during the pendency of the hearing as the statute allows.

Section 3145 and the Federal Rules anticipate that the district court with jurisdiction over the offense will determine the issue of release or detention pending trial. 18 U.S.C.A. § 3145(a) ("the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order"); *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir. 1995) ("Rule 40 and section 3145 . . . place[] the review of the magistrate judge's order in the province of the district court where the prosecution is pending, and where the bail status of the defendant ultimately will be determined during the course of that trial."); *United States v. Vega*, 438 F.3d 801, 803 (7th Cir. 2006) ("After that appearance, and a preliminary hearing if the charge is sufficiently serious, the defendant must be transferred to the charging district. *See* Rule 5(c)(3)(D). At that point, it is the court where the charges are pending that is responsible for any rulings that may be necessary to guarantee the

defendant's presence for proceedings.").

## II. ARGUMENT

The defendant is charged with being a deported alien found in the United States. The government moved for detention in this case under 18 U.S.C. § 3142(f)(2)(A). The defendant is both a flight risk as well as a danger to the community. The government was not afforded the opportunity to present an argument for detention at the detention hearing on March 18, 2025 in front of the Honorable Allison Claire.

The defendant's criminal history dates back to 1994. He was convicted of Sale of Controlled Substances and Conspiracy to Violate the Uniform Controlled Substances Act in 1994 and sentenced to 4 years in Nevada State Prison. He was deported following his sentence. He was convicted of Transport/Sell Narc/Controlled Substance in 2011 and sentenced to 4 years custody. He was deported following his sentence. The defendant has continued to engage in the sale of drugs after serving his sentences. In May of 2024, investigators arranged the purchase of cocaine from the defendant. Additionally, when law enforcement arrived to execute the arrest warrant, the defendant was attempting to destroy evidence by discarding approximately 60.3 grams of cocaine down the toilet. The defendant's repeated return to drug trafficking, even after serving multiple prison sentences and facing deportations, underscores his ongoing threat to the community.

The defendant is also a flight risk, as he has ties to Mexico, is capable of flying under the radar, has multiple known aliases, and has an active felony warrant in El Dorado County. The defendant has been deported 5 times, most recently in 2019 after he paid someone to attempt to smuggle him across the border. Upon his arrest, the defendant indicated to law enforcement that he wished to return to Mexico. The defendant's willingness to continuously return to the United States after being deported and live under aliases demonstrates that he will not comply with the Court's conditions upon release.

Given the circumstances of this case and the history and characteristics of the defendant, which includes multiple drug convictions, a stay of the release order pending a hearing on the government's motion to revoke is appropriate here. Absent a stay of the release order, the defendant will be released, allowing him to flee or endanger the community before this Court's *de novo* review of the detention issue.

The defendant poses as a flight risk and a danger to the community that the imposed conditions of release cannot sufficiently mitigate, as further set forth in the government's motion to revoke release order. This court should stay the release order in order to hold a hearing on the United States' motion to revoke the release order, filed separately, under 18 U.S.C. § 3145(a).

### III.   CONCLUSION

For the reasons set forth above, the Government requests that the Court enter the attached proposed order staying the proceedings pending a hearing on the motion to revoke.

Respectfully submitted,

Dated: March 18, 2025

MICHELE BECKWITH
Acting United States Attorney

By: /s/ NICOLE M. VANEK
NICOLE M. VANEK
Assistant United States Attorney

MICHELE BECKWITH
Acting United States Attorney
NICOLE M. VANEK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:25-MJ-00048 |
|---|---|
| Plaintiff, | [PROPOSED] ORDER STAYING ORDER RELEASING DEFENDNAT |
| v. | |
| ISIDRO ROBERTO ROJAS-GUZMAN, | |
| Defendant. | |

**[PROPOSED] ORDER**

Upon the motion of the United States, good cause having been shown, it is hereby ORDERED that the order issued March 18, 2025, by United States Magistrate Judge Allison Claire, authorizing the release of defendant Isidro Roberto Rojas-Guzman, shall be stayed, and the defendant shall remain in the custody of the United States Marshal's Service pending further proceedings before this Court on the government's motion to revoke the release order on March 20, 2025.

IT IS SO ORDERED.

Dated: _____           _____
                                          THE HONORABLE
                                          UNITED STATES DISTRICT COURT JUDGE

1