MICHELE BECKWITH
Acting United States Attorney
NICOLE M. VANEK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:25-MJ-00048 |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION TO REVOKE ORDER RELEASING DEFENDANT |
| v. | |
| ISIDRO ROBERTO ROJAS-GUZMAN, | |
| Defendant. | |

The United States moves pursuant to 18 U.S.C. § 3145(a) to revoke the March 18, 2025 order releasing defendant Isidro Roberto Rojas-Guzman.

### I.   BACKGROUND

On March 7, 2025, the Court authorized an arrest warrant and criminal complaint charging the defendant with being a deported alien found in the United States, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). As detailed in the Affidavit in support of Criminal Complaint, the defendant has been deported multiple times, convicted of violating California Health and Safety Code Section 11352(a), and recently sold cocaine to FBI.

The defendant was arrested on March 11 and made his initial appearance on March 12, where the United States moved for detention under 18 U.S.C. § 3142(f)(2)(A), as there is a serious risk the defendant will flee. The Court held a detention hearing on March 18, 2025, where the defendant was ordered released on his own recognizance. 2:25-mj-00048, ECF No. 10 (Minute Order). During the

detention hearing, the government was not afforded the opportunity to present an argument for detention.

## II. STANDARD

If a person is ordered released by a magistrate judge, then "the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1); *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991); *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir. 1995) ("Rule 40 and section 3145 . . . place[d] the review of the magistrate judge's order in the province of the district court where the prosecution is pending, and where the bail status of the defendant ultimately will be determined during the course of that trial.").

When considering whether to revoke a release order, the reviewing district court conducts a *de novo* review of a Magistrate Judge's bail ruling. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). It "review[s] the evidence before the magistrate and make[s] its own independent determination whether the magistrate's findings are correct, with no deference." *Id*. at 1193. If the performance of the district court's function "makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate." *Id.*

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court considers four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g). In this case, all four factors weigh in favor of the defendant's pretrial detention.

## III. ARGUMENT

The defendant has a history of deportations with repeated return to the United States to engage in drug trafficking. The defendant is both a danger to the community as well as a flight risk. Each of the §

3142(g) factors weigh in favor of detention.

First, the nature and circumstances of the offense demonstrate that the defendant is a deported alien found in the United States. The defendant has been deported multiple times, yet still returned to the United States.

Second, the weight of the evidence is overwhelming. The defendant is a citizen of Mexico. He has a Mexican birth certificate and has stated during previous deportations that he not a citizen of the United States. He was last deported from the United States in February of 2019. He was found to be voluntarily residing in the United States in May of 2024. The defendant did not obtain the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission and was free from official restraint at the time he was found.

Third, the history and characteristics of the defendant weigh in favor of detention. The defendant was convicted of Sale of Controlled Substances and Conspiracy to Violate the Uniform Controlled Substances Act in 1994 and sentenced to 4 years in Nevada State Prison. He was deported following his sentence. He was convicted of Transport/Sell Narc/Controlled Substance in 2011 and sentenced to 4 years custody in El Dorado County, CA. He was deported following his sentence. The defendant has continued to engage in the sale of drugs after serving his sentences. The defendant has been deported 5 times, most recently in 2019 after he paid someone to attempt to smuggle him across the border. In May of 2024, investigators arranged the purchase of cocaine from the defendant. Additionally, when law enforcement arrived to execute the arrest warrant on this matter, the defendant was attempting to destroy evidence by discarding approximately 60.3 grams of cocaine down the toilet.

Fourth, the danger that the defendant poses if released is significant. The defendant's repeated return to drug trafficking, even after serving multiple prison sentences and facing deportations, underscores his ongoing threat to the community.

Finally, the defendant is a flight risk. The defendant has ties to Mexico and indicated that he wished to go back to Mexico when he was arrested. The defendant has lived in the United States for many years under multiple aliases without being identified by law enforcement. The defendant also has an active felony warrant in El Dorado County. The defendant's history of continuously returning to the United States after being deported, living under aliases, and destroying evidence when confronted by

arrest, demonstrates that he will not comply with the Court's conditions upon release. Finally, the defendant has not been interviewed by Pretrial Services, there is no proposed third-party custodian, no bond package has been offered, and the defendant's personal and financial ties to Mexico are unknown.

## IV.     CONCLUSION

For the reasons set forth above, the government requests that the Court revoke the release order after a hearing on the motion.

Respectfully submitted,

Dated: March 18, 2025

MICHELE BECKWTIH
Acting United States Attorney

By:  /s/ NICOLE M. VANEK
NICOLE M. VANEK
Assistant United States Attorney

MOTION TO REVOKE RELEASE ORDER