UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-cr-00074-TLN |
| Plaintiff, | |
| v. | **ORDER** |
| ISIDRO ROBERTO ROJAS-GUZMAN, | |
| Defendant. | |

    This matter is before the Court on the Government's Motion to Revoke the Magistrate Judge's March 18, 2025, Order of Release. (ECF No. 16.) The Government argues Defendant is a flight risk and a danger to the community. (*Id.*) On March 18, 2025, the Court granted the Government's motion to stay the magistrate judge's release order for 48 hours, set an expedited briefing schedule on the Government's motion to revoke, and set a hearing for March 20, 2025. (ECF No. 17.) On March 19, 2025, defense counsel filed a statement of non-opposition to the Government's motion to revoke. (ECF No. 20.) Defense counsel concedes Defendant should not have been released and requests the Court remand Defendant and vacate the hearing set for March 20, 2025. (*Id.*) Defense counsel notes there was a misunderstanding at the detention hearing as to whether Defendant was within the five-day period for which his detention hearing needed to be held. (*Id.*)

"If a person is ordered released by a magistrate judge . . . the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a).  Under this provision, the district court conducts its own *de novo* review of the magistrate judge's detention order. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990).  The district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193.

The Court has obtained and reviewed an audio recording of the detention hearing held before the magistrate judge on March 18, 2025.[1]  At the hearing, defense counsel did not contest detention and indicated she had not yet secured a bond package.  However, the magistrate judge ordered Defendant released solely based on the belief that she had no authority to detain Defendant because there had been no timely detention hearing.  As defense counsel indicates, this appears to have been based on a misunderstanding.  Therefore, for the reasons set forth in the Government's motion and based on defense counsel's non-opposition, the Court GRANTS the Government's motion to revoke (ECF No. 16), REVOKES the magistrate judge's March 18, 2025, release order, and VACATES the March 20, 2025, hearing before the undersigned. Defendant is hereby ordered detained.

IT IS SO ORDERED.

Date: March 19, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court obtained the recording from its Electronic Court Reporter Operator ("ECRO") system.